1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIKEL BROWN,

11          Plaintiff,                    No. CIV S-09-0439 DAD P

12      vs.

13   SOLANO COUNTY JAIL, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with an

17   action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended

18   complaint.

19                      **SCREENING REQUIREMENT**

20          The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25   U.S.C. § 1915A(b)(1) & (2).

26   /////

                                    1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,

12   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

13   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

14   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

15   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

16   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

17   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

18   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

19   (1969).

20   The Civil Rights Act under which this action was filed provides as follows:

21   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
22   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
23   law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

1   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

2   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3   omits to perform an act which he is legally required to do that causes the deprivation of which

4   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5           Moreover, supervisory personnel are generally not liable under § 1983 for the

6   actions of their employees under a theory of respondeat superior and, therefore, when a named

7   defendant holds a supervisorial position, the causal link between him and the claimed

8   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

9   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

10  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

11  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

12  Cir. 1982).

13                      **PLAINTIFF'S SECOND AMENDED COMPLAINT**

14          In plaintiff's second amended complaint, he identifies as the defendants the

15  Solano County Jail and the Solano County Sheriff's Department.  Plaintiff alleges that, from

16  September 15, 2008, through October 10, 2008, the defendants subjected him to cruel and

17  unusual punishment.  Specifically, plaintiff alleges that the defendants placed him in

18  administrative segregation because of his disability.  He further alleges that jail medical staff

19  deprived him of privileges to which he was due.  Plaintiff requests monetary damages and asks

20  the court to prevent any cases like his from taking place again.  (Sec. Am. Compl. at 3-4.)

21          The allegations in plaintiff's second amended complaint are so vague and

22  conclusory that the court is unable to determine whether the current action is frivolous or fails to

23  state a claim for relief.  The second amended complaint does not contain a short and plain

24  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

25  pleading policy, a complaint must give fair notice to the defendants and must allege facts that

26  support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

                                            3

733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed.  In the interests of justice, the court will grant plaintiff leave to file a third and final amended complaint.

If plaintiff elects to pursue this action by filing a third amended complaint, he is advised that the Solano County Jail and the Solano County Sheriff's Department are not proper defendants in this action.  These entities cannot be held liable for an injury inflicted solely by an employee under a theory of respondeat superior.  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003) (describing the two routes to municipal liability, where municipality's official policy, regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights).  While the pleading requirements for a municipal liability claim are not onerous, see Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002), plaintiff's second amended complaint does not sufficiently plead the Solano County Jail or Solano County Sheriff Department's liability.

In order to name proper defendants in this action, plaintiff should attempt to identify the jail personnel or medical personnel who he believes directly deprived him of his constitutional rights.  Plaintiff must name all of the defendants, with position and place of employment, in the section of the form designated for that purpose.  Plaintiff must also allege in his complaint how each defendant's alleged actions resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto , 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

4

743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to file a third amended complaint, he should also clarify what

constitutional right he believes each defendant has violated and support each claim with factual

allegations about each defendant's actions.  As the court previously advised plaintiff, the

"unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited

by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also

Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t

is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct

prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is

needed to show unnecessary and wanton infliction of pain "varies according to the nature of the

alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley,

475 U.S. at 320).  In a third amended complaint, plaintiff must allege facts showing that

objectively he suffered a sufficiently serious deprivation and that subjectively defendants had a

culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v.

Seiter, 501 U.S. 294, 298-99 (1991).

In addition, to the extent that plaintiff wishes to raise an inadequate medical care

claim, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held

that inadequate medical care did not constitute cruel and unusual punishment cognizable under

§ 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical

needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a

prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,

429 U.S. at 105-06).  In a third amended complaint, plaintiff must allege facts demonstrating how

1    each defendant's actions rose to the level of "deliberate indifference." In this regard, plaintiff

2    must allege in specific terms how the defendants were involved in the denial of his medical care.

3           Plaintiff is reminded that the court cannot refer to prior pleadings in order to make

4    his third amended complaint complete. Local Rule 15-220 requires that an amended complaint

5    be complete in itself without reference to any prior pleading. This is because, as a general rule,

6    an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57

7    (9th Cir. 1967). Once plaintiff files a third amended complaint, the prior pleading no longer

8    serves any function in the case. Therefore, in a third amended complaint, as in an original

9    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10                          **OTHER MATTERS**

11           Plaintiff has also filed a request for confirmation that the court has received his

12    notice of change of address. Plaintiff is advised that the court has received his filing and will use

13    the address he listed therein as his address of record.

14                          **CONCLUSION**

15           Accordingly, IT IS HEREBY ORDERED that:

16           1. Plaintiff's April 7, 2009 second amended complaint (Doc. No. 13) is

17    dismissed;

18           2. Plaintiff is granted thirty days from the date of service of this order to file a

19    third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

20    Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must

21    bear the docket number assigned to this case and must be labeled "Third Amended Complaint";

22    failure to file a third amended complaint in accordance with this order will result in a

23    recommendation that this action be dismissed without prejudice;

24           3. Plaintiff's June 26, 2009 request for confirmation (Doc. No. 15) is

25    granted; and

26    /////

1    4.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2 civil rights action.

3 DATED: July 17, 2009.

4

5              Dale A. Drgd

6              DALE A. DROZD
               UNITED STATES MAGISTRATE JUDGE

7 DAD:9
 brow0439.14am

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26